**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

In re:

DON KARL JURAVIN,    Case No:   5:23-mc-7-GAP

    Movant.

## ORDER

This cause came on for consideration without oral argument on Don Karl Juravin's *pro se* Motion Seeking Leave to Appeal to the U.S. District Court from the U.S. Bankruptcy Court (Doc. 1).

### I. Background

The Motion before the Court arises from claims filed in connection with Don Karl Juravin's ("Juravin") Chapter 7 bankruptcy proceedings.[1] In the instant Motion, Juravin seeks leave to appeal "a non-final Order," entered by the Bankruptcy Court on November 6, 2023, pursuant to Federal Rule of Bankruptcy Procedure 8004 ("Rule 8004") and 28 U.S.C. § 158(a)(3). Doc. 1. In the underlying Order, the Bankruptcy Court abated Juravin's objections to claims filed by Bella Collina Property Owners Association, Inc. and Consumer Opinion Corp. *Id.* at 8-9.

---

[1] *See* 6:18-bk-06281-LVV.

The Bankruptcy Court stated, in relevant part: "Because the chapter 7 trustee has not concluded administering assets in these cases, distributions to these creditors, if any, are unknown. As a result, judicial economy favors abating the Objections until the end of the cases." *Id.*

## II.   Legal Standard

*A. Rule 8004*

Pursuant to Rule 8004, a motion for leave to appeal under 28 U.S.C. § 158(a)(3) must include:

(A) the facts necessary to understand the question presented;

(B) the question itself;

(C) the relief sought;

(D) the reasons why leave to appeal should be granted; and

(E) a copy of the interlocutory order or decree and any related opinion or memorandum.

Fed. R. Bankr. P. 8004(b)(1).

*B. 28 U.S.C. § 158*

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges with leave of court. *Id.* § 158(a)(3). However, 28 U.S.C. § 158(a)(3) does not provide criteria for evaluating when a court should exercise its discretionary jurisdiction. *See id.* As a result, district

courts look to the standards set forth in 28 U.S.C. § 1292(b).² *See In re Cruz*, No. 6:19-cv-647-Orl-37, 2019 WL 2084525, at *1 (M.D. Fla. May 12, 2019) (citing *In re Charter Co.*, 778 F.2d 617, 620 n.5 (11th Cir. 1985)); *see also 5200 Enters. Ltd. v. NYCTL 1998-2/MTAG*, No. 3:19-cv-1035-J-39, 2020 WL 13594940, at *2 (M.D. Fla. Aug. 25, 2020). Under § 1292(b), "a court will permit an interlocutory appeal of an order if (1) the order presents a controlling question of law, (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *In re Cruz*, 2019 WL 2084525, at *1 (citing 28 U.S.C. § 1292(b); *In re Celotex Corp.*, 187 B.R. 746, 749 (Bankr. M.D. Fla. 1995)).

### III. Analysis

As an initial matter, Juravin's Motion fails to comply with Rule 8004. Notably, Juravin includes only one of the Bankruptcy Court's orders with his Motion, although the Bankruptcy Court's ruling in that Order was based on its analysis in a prior order. *See* Doc. 1 at 8 ("For the reasons stated in the Order Overring Debtor's Objection to Claim No. 6-2 of Bella Collina Property Owners Association, Inc. [Doc. 901], the Court overruled, without prejudice, the objection based on Debtor's current lack of standing."). Consequently, Juravin's Motion is due to be denied

---

² 28 U.S.C. § 1292(b) governs interlocutory decisions appealed to circuit courts from district courts. *Id.*

under Rule 8004.

Juravin's Motion also fails on the merits. Simply put, Juravin has failed to demonstrate that the Bankruptcy Court's Order presents a controlling question of law over which there is substantial ground for difference of opinion among courts. In the Order at issue, the Bankruptcy Court merely abated Juravin's objections until the end of the case. Because Juravin has not shown that the Bankruptcy Court's Order presents any question of law, let alone one over which there is substantial ground for difference of opinion, Juravin's Motion will be denied.

**IV.   Conclusion**

Accordingly, it is hereby **ORDERED** that Don Karl Juravin's *pro se* Motion Seeking Leave to Appeal to the U.S. District Court from the U.S. Bankruptcy Court is **DENIED**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 11, 2023.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party